```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ZAKI KULAIBI EST and              §
ABDULRAHMAN SAUD,                 §
                                  §
               Plaintiffs,        §
                                  §
v.                                §    CIVIL ACTION NO. H-05-3928
                                  §
G.H. INTERNATIONAL (USA), INC.,   §
GLOBAL HEAVY EQUIPMENT, INC.,     §
and SYED KAMRAN HUSSAIN RIZVI,    §
                                  §
               Defendants.        §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiffs' Motion to Remand (Docket Entry No. 3) and Defendants' Response (Docket Entry No. 4). For the reasons stated below, the motion will be granted.

### I. Procedural Background

Zaki Kulaibi Est and Abdulrahman Saud filed a petition in the 269th Judicial District Court of Harris County, Texas, against defendants, G.H. International (USA), Inc., Global Heavy Equipment, Inc., and Syed Kamran Hussain Rizvi.[1]  Defendants were personally

---

[1] The court cannot determine the subject of this lawsuit because defendants failed to comply with 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas because they did not attach the required documentation to the Notice of Removal, including all
(continued...)

served on August 25, 2005.[2]  Defendants answered the petition on September 16, 2005.[3]  On October 28, 2005, defendants filed a Notice of Removal (Docket Entry No. 1) pursuant to 28 U.S.C. §§ 1332 and 1441.  On November 21, 2005, plaintiffs filed a Motion to Remand (Docket Entry No. 3).  Defendants filed a Response (Docket Entry No. 4) on December 15, 2005.

## II.  Standard of Review

Section 1447(c) provides two grounds for remand:  (1) defect in removal procedure and (2) lack of subject matter jurisdiction. Cuellar v. Crown Life Ins. Co., 116 F.Supp.2d 821, 825 (S.D. Tex. 2000) (quoting Burks v. Amerada Hess Corp., 8 F.3d 301, 303 (5th Cir. 1993, abrogated on other grounds by Giles v. NYLCare Health Plans, Inc., 172 F.3d 332 (5th Cir. 1999)).  Removal on the basis of diversity jurisdiction is generally available to a defendant in

---

[1](...continued)
state court pleadings and executed process.  See Notice of Removal, Docket Entry No. 1.

[2]Defendants' First Original Answer and Affidavits of Service for G.H. International (USA), Inc., Global Heavy Equipment, Inc., and Syed Kamran Hussain Rizvi, Exhibit A to plaintiffs' Motion to Remand, Docket Entry No. 3.  Syed Kamran Hussain was served in his individual capacity and as the president and registered agent of G.H. International (USA), Inc. and Global Heavy Equipment, Inc.

[3]Although plaintiffs did not submit a file-stamped copy from the 269th District Court of Harris County, Texas, to support this date, they include in their Motion to Remand a copy of the answer faxed to them on September 16, 2005.  Motion to Remand, Exhibit A, Docket Entry No. 3.  Defendants have not refuted that they answered on September 16, 2005.

a "civil action where the amount in controversy exceeds the sum or value of $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state . . . ."  28 U.S.C. §§ 1332(a) & 1332(a)(2).

Because removal jurisdiction "raises significant federalism concerns," Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988), appeal after remand, 915 F.2d 965 (5th Cir. 1990), aff'd, 112 S.Ct. 1076 (1992), courts must construe removal statutes "narrowly, with doubts resolved in favor of remand to the state court."  Value Recovery Group, Inc. v. Hourani, 115 F.Supp.2d 761, 765 (S.D. Tex. 2000) (quoting Jefferson Parish Hosp. Dist. No. 2 v. Harvey, 788 F.Supp. 282, 283-84 (E.D. La. 1992)).  When considering a motion to remand, the removing party bears the "heavy" burden of showing that removal was proper.  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).  If the court determines that removal procedures were not strictly followed or that no basis for subject matter jurisdiction exists, the court must hold that removal was improper, and the action must be remanded.  28 U.S.C. § 1447(c).

An order remanding the action may require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The propriety of the defendant's decision to remove is central to determining whether attorneys' fees should be granted.  Garcia v. Amfels, Inc., 254 F.3d 585, 587 (5th Cir. 2001).

### III. Analysis

**A. Remand**

In their Motion to Remand plaintiffs argue that the removal procedures were defective because (1) the removal was not filed within thirty days of service on the defendants and was therefore untimely; (2) plaintiffs failed to complete the removal by filing a copy of the notice of removal with the state court where the action was commenced; and (3) defendants' status as Texas citizens defeats diversity jurisdiction.[4]

1. Timeliness

A notice of removal must be filed within thirty days after a defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief that provides the basis for removal. 28 U.S.C. § 1446(b). Defendants were personally served on August 25, 2005, but did not file a Notice of Removal until October 28, 2005, significantly more than thirty days after receipt of service of process. (Docket Entry No. 1)

Defendants offer no argument or explanation for their delay in filing the Notice of Removal. The court notes that both plaintiffs and defendants in this case have submitted anemic pleadings that demonstrate little effort was put forth in litigating the Motion to

---

[4] Plaintiffs' Motion to Remand, Docket Entry No. 3, at pp. 1-2.

Remand.[5]  But the burden to establish federal removal jurisdiction lies on defendants, and defendants have not met this burden.  See Willy, 855 F.2d at 1164.

Defendants failed to comply with 28 U.S.C. § 1446(a) when they did not attach to the Notice of Removal all executed process in the case and the state court pleadings.  This makes it impossible for the court to review the relevant factual predicate for this action.  The court cannot determine whether diversity jurisdiction was evident from the face of the initial complaint served on defendants, which would begin the thirty-day removal clock.  In the absence of any evidence that federal diversity jurisdiction was not evident from the face of the complaint served on defendants on August 25, 2005, or any other argument on this issue, the court concludes that removal was untimely under § 1446(b).

Because the court has determined that removal was untimely, it is unnecessary to consider plaintiffs' other arguments for remand.[6]

---

[5] Plaintiffs' Motion to Remand is barely two-and-one-half pages long, albeit with attachments.  (Docket Entry No. 3) Defendants' Response consists of only one-and-one-half pages, without attachments.  (Docket Entry No. 4)

[6] Although the court finds it unnecessary to rule on plaintiffs' other arguments for remand, they appear to lack any objective merit.  Plaintiffs state that removal was improper because the *defendants* are citizens of Texas, without addressing the citizenship of plaintiffs.  Defendants' claim, undisputed by plaintiffs, is that both plaintiffs are citizens of Saudi Arabia.  Complete diversity between the parties requires only that none of the plaintiffs share the same citizenship as any one of the defendants.  See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir.
(continued...)

**B.    Costs**

While "[a]n award for costs has never been predicated on a finding of bad faith or negligent or frivolous removal," <u>Miranti v. Lee</u>, 3 F.3d 925, 929 (5th Cir. 1993), the imposition of costs, including attorneys' fees, is usually reserved for actions removed in bad faith or where the lack of a legally cognizable basis for removal was obvious from the face of the pleadings themselves even if removal itself was effected in good faith.  See <u>News-Texan, Inc. v. City of Garland, Tex.</u>, 814 F.2d 216, 220-21 & n.10 (5th Cir. 1987) (<u>holding</u> award of fees and costs is proper when non-removability is obvious even though removal was effected in good faith); <u>Miranti</u>, 3 F.3d at 928 (<u>emphasizing</u> role of removal's propriety in determining whether to impose fees).  The question the court considers in determining whether to award costs and expenses under § 1447(c) is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  See <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 292 (5th Cir. 2000).

Defendants have not asserted any basis, much less a legitimate

---

[6](...continued)
1992).  Plaintiffs' argument that all of the defendants are the same citizenship does not defeat § 1332(a) diversity jurisdiction.

Plaintiffs' other argument for remand is that defendants failed to file a copy of the Notice of Removal with the state court where the action was commenced as required by 29 U.S.C. § 1446(d).  Plaintiffs are mistaken.  The Notice of Removal to Federal Court appended to Plaintiffs' Motion to Remand was filed with the appropriate state district court and met the requirements of section 1446(d).

basis, for removing the lawsuit more than thirty days after they received notice of the lawsuit filed by plaintiffs. The court therefore concludes that awarding attorneys' fees and expenses incurred as a result of the untimely removal is proper. However, because plaintiffs submit no evidence of their attorneys' fees or expenses, the court will not award attorneys' fees or costs to plaintiffs.

## IV. Conclusion and Order

For the foregoing reasons, the court holds that removal of this action to federal court was not proper. Accordingly, plaintiffs' Motion to Remand (Docket Entry No. 3) is **GRANTED**. This action is **REMANDED** to the 269th Judicial District Court of Harris County, Texas. The clerk will promptly deliver a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 28th day of February, 2006.

SIM LAKE
UNITED STATES DISTRICT JUDGE